UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SUSANNE GJERTSEN,

      Plaintiff,

v.                                             Case No: 2:17-cv-48-FtM-CM

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

## OPINION AND ORDER

Plaintiff Susanne Gjertsen seeks judicial review of the denial of her claims for a period of disability and disability insurance benefits ("DIB") and supplemental security income ("SSI") by the Commissioner of the Social Security Administration ("Commissioner"). The Court has reviewed the record, the briefs and the applicable law. For the reasons discussed herein, the decision of the Commissioner is **AFFIRMED**.[1]

---

[1] Both parties have consented to the jurisdiction of the United States Magistrate Judge. Docs. 15, 17.

### I. Issue on Appeal[2]

Plaintiff raises one issue on appeal: whether the Administrative Law Judge ("ALJ") properly evaluated the opinions of the consultative and treating physicians in determining Plaintiff's residual functional capacity ("RFC").

### II. Summary of the ALJ's Decision

Plaintiff was 48 at the time she filed her applications for DIB and SSI on October 1, 2013, alleging her disability began April 22, 2013. Tr. 253-60. Plaintiff was 50 years old at the time of the hearing before ALJ David Pang on July 13, 2015. Tr. 142, 157. On December 23, 2015, the ALJ issued a decision finding Plaintiff not disabled from April 22, 2013 through the date of the decision. Tr. 142-58. In his decision, at step two of the sequential process,[3] the ALJ found that Plaintiff had the severe impairments of degenerative disc disease, scoliosis, obesity, history of chondromalacia, migraines, irritable bowel syndrome and affective disorder. Tr. 145. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listing. *Id.* Prior to step four, the ALJ then determined that during the relevant period Plaintiff had the RFC to perform light work[4] with limitations, as follows:

---

[2] Any issue not raised by Plaintiff on appeal is deemed to be waived. *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").

[3] The sequential evaluation process is described in the ALJ's decision. Tr. 143-44.

[4] The regulations define light work as work that involves:

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very

> [Plaintiff] can lift and carry 20 pounds occasionally and 10 pounds frequently, stand and walk six hours in and eight-hour workday, and sit for six hours in an eight-hour workday. Additionally, [Plaintiff] is limited to occasionally climbing ramps and stairs, stooping, kneeling, crouching, and crawling and never climbing ladders, ropes, or scaffolds. Furthermore, [Plaintiff] should never work around unprotected heights. Moreover, [Plaintiff] is limited to simple, routine, repetitive tasks with occasional interaction with supervisors, coworkers, and the public.

Tr. 148-49. Next, at step four, the ALJ found that Plaintiff is unable to perform her past relevant work as a sales clerk, stock control clerk, fast food worker, cashier checker, directory assistance operator or customer service representative, because these occupations exceeded Plaintiff's RFC. Tr. 156. Relying on the testimony of the vocational expert ("VE"), the ALJ determined Plaintiff could perform the requirements of representative occupations such as small parts assembler, electronics assembly worker and laundry folder, each of which are unskilled jobs at the light exertional level. Tr. 157-58. As a result, he found Plaintiff was not disabled. Tr. 158.

---

little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [a claimant] must have the ability to do substantially all of these activities. If someone can do light work, [it is determined] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b), 416.967(b).

### III. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).[5] Substantial evidence is "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (internal citations omitted).

The Eleventh Circuit has restated that "[i]n determining whether substantial evidence supports a decision, we give great deference to the ALJ's fact findings." *Hunter v. Soc. Sec. Admin., Comm'r,* 808 F.3d 818, 822 (11th Cir. 2015) (citation omitted). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact or found that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir.

---

[5] After the ALJ issued the decision, certain Social Security rulings and regulations were amended, such as the regulations concerning the evaluation of medical opinions and evaluation of mental impairments. *See e.g.*, 20 C.F.R. §§ 404.1520a, 404.1520c and 404.1527 (effective March 27, 2017); SSR 16-3p, 2016 WL 1119029 (March 16, 2016). The Court will apply rules and regulations in effect at the time of the ALJ's decision. *Hargress v. Soc. Sec. Admin., Comm'r*, 874 F.3d 1284, 1290 (11th Cir. 2017); *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988); 20 C.F.R. § 404.1527 (effective March 27, 2017) ("For claims filed . . . before March 27, 2017, the rules in this section apply.").

1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991); *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings). The Court reviews the Commissioner's conclusions of law under a *de novo* standard of review. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

## IV. Discussion

### A. State agency examiner R. James Mabry, M.D.

Plaintiff first challenges the weight the ALJ gave to the opinion of state agency physician R. James Mabry, M.D., who assessed Plaintiff's physical RFC. Tr. 111-13, 133-35. Dr. Mabry opined Plaintiff was able to stand and walk for four hours and sit about six hours in an eight-hour workday; occasionally lift and/or carry twenty pounds and frequently lift and/or carry ten pounds; frequently balance, stoop, kneel, crouch and crawl; occasionally climb ramps or stairs and never climb ladders, ropes or scaffolds. Tr. 111-12. Dr. Mabry further opined Plaintiff was to avoid even moderate exposure to hazards, such as machinery and heights. Tr. 113. In assessing Plaintiff's vocational factors, Dr. Mabry opined Plaintiff could perform only unskilled sedentary jobs. Tr. 134.

The ALJ discussed Dr. Mabry's opinion and gave it significant weight. Tr. 155. But the ALJ found "slightly different" limitations than did Dr. Mabry "based on additional hearing level evidence." The ALJ explained his reasoning for doing so:

> The medical evidence revealed degenerative disc disease, scoliosis, obesity, and intermittent migraines. However, examinations continued

> to note [Plaintiff] was in no acute distress with normal strength and no weakness, tremors, spasticity, fasciculation, wasting, or hypertrophy (Exhibits 1F/3, 6, 3F/5, 23, 36, 4F/3, 8F/7, 10F/28, 15F/12, 18, 46, 52, 53, 71, 91, l6F/4, 5, 6, 10, 11, 17, 18).

*Id.*

Plaintiff primarily disputes the ALJ's RFC finding that Plaintiff could stand and walk six hours in an eight-hour workday – thus, she could perform light work – instead of the four hours Dr. Mabry found – an RFC of sedentary work. Doc. 26 at 5-7. In this respect, Plaintiff argues the ALJ impermissibly substituted his opinion for that of the medical expert. *Id.* at 6-7. The undersigned disagrees.

First, the ALJ has the responsibility of assessing a claimant's RFC at the hearing level, and such "task of determining a claimant's RFC and ability to work is within the province of the ALJ, not of doctors." *Robinson v.* Astrue, 365 F. App'x 993, 999 (11th Cir. 2010). Therefore, "while a physician's opinion on the matter will be considered, it is not dispositive." *Beegle v. Soc. Sec. Admin., Comm'r*, 482 F. App'x 483, 486 (11th Cir. 2012). Accordingly, the Commissioner is not required to give any special significance to an opinion such as that of Dr. Mabry on issues reserved to the Commissioner. 20 C.F.R. § 404.1527(d)(3); *see* SSR 96-6p, 1996 WL 374180 (July 2, 1996).

Second, the ALJ "may reject any medical opinion if the evidence supports a contrary finding." *Sharfarz v. Bowen*, 825 F.2d 278, 280 (11th Cir. 1987) (citation omitted). The ALJ here found the RFC was supported by the objective medical evidence contained in the record, and Plaintiff's credibility was "weakened by inconsistencies between her allegations, her statements regarding daily activities,

and the medical evidence."[6] Tr. 156. The ALJ discussed in detail Plaintiff's medical records. Tr. 150-56. In explaining the weight given to Dr. Mabry, the ALJ cited to records showing Plaintiff was "in no acute distress with normal strength and no weakness, tremors, spasticity, fasciculation, wasting, or hypertrophy. . . ." Tr. 155 (citations omitted). A medical source opinion may be discounted when the opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with the record as a whole. 20 C.F.R. § 404.1527(c)(2); SSR 96-2p; *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159-60 (11th Cir. 2004). Accordingly, the ALJ did not err in the weight given to Dr. Mabry.

### B. Dr. Ramirez

Plaintiff next challenges the weight the ALJ gave to the opinion of treating physician, Reiner Ramirez, M.D., who signed a disabled person parking permit application with the Florida Department of Highway Safety and Motor Vehicles ("DMV") that indicated Plaintiff was permanently disabled with a severe limitation in her ability to walk due to an arthritic, neurological or orthopedic condition. Doc. 26 at 6, Tr. 156, 521. The ALJ gave this opinion little weight, noting it was inconsistent with the physician's own records. Tr. 156. The ALJ further explained, "until the most recent examination where [Plaintiff] displayed decreased strength, the doctor continued to note [Plaintiff] demonstrated normal strength with no weakness." *Id.* (citation to records omitted).

---

[6] Plaintiff has not challenged the ALJ's credibility determination; thus, that issue is waived. *Access Now*, 385 F.3d at 1330.

First, there is no evidence in the record that indicates a disabled parking permit was issued by the Florida DMV. Second, even if there were, decisions by other governmental agencies are not binding on the Social Security Administration ("SSA"). 20 C.F.R. §§ 404.1504, 415.904. Under the circumstances here, there is no showing that the permit was issued under similar standards as the SSA for determining disability. *See Scott v. Astrue*, 1:08-cv-213-MP-AK, 2010 WL 916395, *11 (N.D. Fla. Mar. 10, 2010); *Riccard v. Comm'r of Soc. Sec.*, 6:11-cv-1612-Orl-DAB, 2012 WL 6106408 (M.D. Fla. Dec. 10, 2012).

Second, although opinions of treating physicians generally are given more weight because they are the most likely to be able to offer detailed opinions of the claimant's impairments as they progressed over time, a medical source opinion may be discounted when the opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with the record as a whole. 20 C.F.R. § 404.1527(c)(2); SSR 96-2p; *Crawford*, 363 F.3d at 1159-60. Accordingly, "[a]n ALJ must give a treating physician's opinion substantial weight, unless good cause is shown." *Castle v. Colvin*, 557 F. App'x 849, 854 (11th Cir. 2014) (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004)); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *Sabo v. Chater*, 955 F. Supp. 1456, 1462 (M.D. Fla. 1996). "Good cause exists when the '(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical

records.'" *Winschel v. Comm'r of Soc. Sec.,* 631 F.3d 1176, 1179 (11th Cir. 2011) (quoting *Phillips*, 357 F.3d at 1241).

Here, the ALJ showed good cause for discounting the opinion in the DMV permit application – inconsistency with the doctor's own medical records. *Winschel,* 631 F.3d at 1179. The Court, having reviewed the cited records, finds substantial evidence supports the weight given to the DMV opinion of Dr. Ramirez.

### C. Plaintiff's Age and the Grids

Without further discussion or citation to authority, Plaintiff also appears to argue the ALJ failed to properly consider Plaintiff's age when making his RFC decision. Doc. 26 at 7. Plaintiff asserts:

> There is a reasonable probability that had the [ALJ] limited [Plaintiff] to standing and/or walking four hours out of an eight hour workday, given the additional nonexertional limitations, the [VE] would have found that the only jobs [Plaintiff] could perform were sedentary unskilled jobs. Although this would have resulted in a finding of not disabled through November 5, 2014, it would have resulted in a finding of disabled as of that date, the Plaintiff's 50th birthday.

*Id.*

Plaintiff's argument is without merit. Here, the ALJ did not rely exclusively on the grids in making his decision. Tr. 157-58. Instead, he relied on the testimony of a VE to determine that there were other jobs Plaintiff could perform with the RFC determined by the ALJ. *Id.* Thus, even if the ALJ had not considered Plaintiff's age – which is not the case here – any such error the ALJ made at this stage of the sequential analysis is harmless. *See Miller v. Comm'r of Soc. Sec.*, 241 Fed. App'x 631, 635 (11th Cir. 2007).

Under the statutory scheme, once the claimant proves she is unable to perform her past relevant work, the burden shifts to the Commissioner in the fifth step to show that other work exists in significant numbers in the national economy that the claimant can perform. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). In attempting to meet its burden, the Commissioner may rely on the Medical-Vocational Guidelines[7] ("the grids") to establish that other work exists in the national economy the claimant can perform. *Patterson v. Bowen*, 799 F.2d 1455, 1458 (11th Cir. 1986). But "exclusive reliance on the grids is not appropriate either when [a] claimant is unable to perform a full range of work at a given functional level or when a claimant has non-exertional impairments that significantly limit basic work skills." *Walker v. Bowen*, 826 F.2d 996, 1002-03 (11th Cir. 1987).

First, the ALJ here considered Plaintiff's age when applying the grids to determine if she was disabled. Tr. 157. Second, as noted, the ALJ did not solely rely on the grids in making his determination. *Id.* The ALJ noted that if Plaintiff had the RFC to perform the full range of light work, a finding of "not disabled" would be directed by the grids, under Rules 202.21 and 202.14. *Id.* Under Rule 202.14, for a person with an RFC limited to light work who is "closely approaching advanced age" (between the ages of 50 and 54), a high school graduate or more and whose past work was skilled or semiskilled and is not transferable, there would be a finding of "not disabled." 20 C.F.R. Pt. 404, Subpt. P., App. 2, § 202.14; 20 C.F.R. § 404.1563(d). Rule 202.21 considers the same RFC and factors, but for a younger person between

---

[7] 20 C.F.R. Pt. 404, Subpt. P, App. 2.

the ages of 45 to 49, which also dictates a finding of "not disabled."  20 C.F.R. Pt. 404, Subpt. P., App. 2, § 202.21; 20 C.F.R. § 404.1563(c).

But the ALJ noted Plaintiff's ability to perform all or substantially all of the requirements of light work "has been impeded by additional limitations."  Tr. 157.  Thus, he asked the VE whether a person of Plaintiff's age at the time of the hearing (as well as the age of a "younger individual"), education, work experience and RFC could perform other jobs in the national economy.  Tr. 63, 157.  The VE testified that given these factors, Plaintiff could perform the requirements of representative occupations such as small parts assembler, electronics assembly worker and laundry folder.  Tr. 63-64, 157-58.  The ALJ determined the VE's testimony was consistent with the information contained in the Dictionary of Occupational Titles, and Plaintiff has not challenged that finding.  Tr. 158.

Plaintiff argues that if the ALJ had adopted the RFC of Dr. Mabry and found Plaintiff only could stand or walk four instead of six hours in an eight-hour workday, there is "reasonable probability" the VE would have found Plaintiff could perform only sedentary, unskilled work.  Doc. 26 at 7.  Thus, the argument goes, the grids would have dictated a finding of "not disabled" until Plaintiff turned 50 years old and a finding of "disabled" once Plaintiff turned 50.  *Id.*; *see* 20 C.F.R. Pt. 404, Subpt. P., App. 2, §§ 201.14, 201.21.  This argument is speculative and without merit.  First, the Court already found substantial evidence supports the weight the ALJ gave to Dr. Mabry and the RFC the ALJ determined.  Second, there is no evidence before the Court that the VE would have made the finding Plaintiff suggests.

## V. Conclusion

Upon review of the record, the Court concludes that the ALJ applied the proper legal standards, and the ALJ's determination that Plaintiff was not disabled is supported by substantial evidence.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The decision of the Commissioner is **AFFIRMED**.

2. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) in favor of the Commissioner, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 14th day of March, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record